# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN MORO, Inmate #B80245,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL NO. 05-452-JPG** |
| **ANGELA WINSOR, REGIE ADAMS,** | ) | |
| **UNKNOWN PARTY, GREGORY** | ) | |
| **LAMBERT, JULIE WILKERSON, and** | ) | |
| **ROGER WALKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Now pending before the Court is Plaintiff's motion to amend his complaint (Doc. 8). This motion is **GRANTED**. The clerk shall file the amended complaint.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
      (1) is frivolous, malicious, or fails to state a claim on which relief

may be granted; or
(2) seeks monetary relief from a defendant who is immune from such
relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Upon careful review of the complaint and

any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

### *Factual Background*

Plaintiff states that he practices the Ordo Templi Orientis ("OTO") religion, also known as

Gnostic Catholics or Thelemites.   He states that Defendants have prevented him and other inmates

from practicing the religion in the following ways.   Religious books and mail from OTO chaplains

are sent for publication review instead of to the acting chaplain, causing significant delays in receipt.

Tarot cards which are "essential to our religious practice" are banned from the prison.   Defendants

have an unwritten policy to exclude inmates, including Plaintiff, who practice the religion from

obtaining jobs paying over $14.60 per month.   Defendants have implemented a policy of transferring

to another facility inmates who practice the religion and threaten to use the courts to obtain

constitutional relief; Plaintiff himself was transferred to Shawnee Correctional Center when he

threatened to use the courts to guarantee his religious practices.   Plaintiff and other inmates have

been denied religious tapes and lectures, use of the chapel, and religious items including yi ching

sticks, an altar, a shrine, magical implements, sicils, talismans, symbols, pouches, abramelin oil, and

prayer beads.   Plaintiff states that grievances concerning his right to practice his religion have gone

unanswered.   Plaintiff further states that Defendants have refused to deal with his religious requests,

thereby violating the First Amendment and Religious Land Use and Institutionalized Persons Act

- 2 -

("RLUIPA").

### *Legal Standard*

Prisoners retain a First Amendment right to practice their religion, but a regulation that infringes an inmate's free exercise of religion will nonetheless survive constitutional challenge if prison administrators can establish that the regulation is a rational means of furthering a legitimate penological interest. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 351-52 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Tarpley v. Allen County, Ind.,* 312 F.3d 895, 898 (7th Cir. 2002). On the other hand, RLUIPA, 42 U.S.C. § 2000cc-1 *et seq.*, bars a state prison receiving federal funds from implementing general regulations that substantially burden an inmate's "religious exercise" absent a compelling interest, and even then the prison must employ the "least restrictive means" of promoting that interest. 42 U.S.C. § 2000cc-1(a); *see Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003).

Based on the foregoing, Plaintiff's claims cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

### *Summary and Conclusion*

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Angela Winsor, Regie Adams, Gregory Lambert, Julia Wilkerson, and Roger Walker***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Angela Winsor, Regie Adams, Gregory Lambert,***

- 3 -

*Julia Wilkerson, and Roger Walker* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. *Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.*

With respect to former employees of Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated:  February 14, 2006**

  s/ J. Phil Gilbert                      
  **U. S. District Judge**