IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN MORO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **05-452-JPG** |
| ) | |
| **ANGELA WINSOR, et al.,** ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), this Court makes the following Report and Recommendation regarding plaintiff Moro's motion for a temporary restraining order.  **(Doc. 4).** Plaintiff seeks to bar his transfer from Big Muddy Correctional Center in retaliation for complaining that his religious rights were being violated. Plaintiff alleges that he and other Ordo Templi Orientus Gnostic Catholics at Big Muddy Correctional Center have been transferred from Big Muddy in retaliation for threatening legal action regarding religious discrimination. **(*See* Doc. 14, p. 5 ¶ 4).**  Plaintiff asserts that he will suffer irreparable harm if he does not remain near his 87 year old mother, who cannot travel.  Plaintiff also contends that a temporary restraining order would have the added benefit of saving the costs associated with a transfer, and would other practitioners of his religion would not be scared and driven to practice their religion "underground."

Federal Rule of Civil Procedure 65(b) governs the issuance of temporary restraining orders ("TRO's").  A TRO is an order which may be issued without notice to the party to be enjoined, and which can last no more than ten days.  A TRO may issue without notice only if:

1

> (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

**Fed. P. Civ. P. 65(b)**.

The required immediacy of the injury, and possibility of entry of injunctive relief *ex parte* and without notice are what distinguishes a TRO from a preliminary injunction. **Compare Fed.R.Civ.P. 65(a) and Fed.R.Civ.P. 65(b).** The trade-off for issuance of a TRO is that a TRO is extremely limited in duration. **See Levas and Levas v. Village of Antioch, Ill.**, 684 F.2d 446, 448 (7th Cir. 1982). A party very well might not qualify for a TRO, but may be entitled to a preliminary injunction. *Id.*

Plaintiff's complaint indicates that the alleged religious discrimination and retaliation has been ongoing for eight years. **(Doc. 1, p. 5 ¶ 13).** Therefore, as a general matter, the immediacy of any injury is not readily apparent. Moreover, plaintiff does not assert that he has reason to believe that his transfer is imminent. The Court appreciates plaintiff's desire to remain at a facility close to his elderly mother, but plaintiff, like all inmates, is subject to transfer at any time. **Shango v. Jurich**, 681 F.2d 1091, 1098 (7th Cir. 1982). Absent any stated reasons to believe that a retaliatory transfer is imminent, it would be premature for the Court to impose a prophylactic restraining order at this juncture. **See *Id.,* fn 13.** In the event plaintiff were suddenly transferred, there is a relatively quick and easy remedy– a court-ordered transfer back to Big Muddy.

**Recommendation**

For the aforestated reasons, plaintiff's motion for a temporary restraining order **(Doc. 4)** should be denied, as no imminent, irreparable harm has been alleged.

**SUBMITTED: February 23, 2006**

 s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 13, 2006**.