IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN MORO, #B80245, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-452-JPG |
| | ) |
| ANGELA WINSOR, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is plaintiff's motion to compel the defendants to respond to his discovery requests in a complete, non-evasive manner. **(Doc. 57).**

The Court has reviewed defendants Wilkerson's responses to interrogatories and plaintiff's related objections. Wilkerson's responses reflect that he has very limited recollection of the matters inquired to, and he lacks access to refreshing or supplementing his memory because he is no longer employed at Big Muddy Correctional Center. Plaintiff asserts that Wilkerson must be given access to the information requested.

Plaintiff ignores that he and Wilkerson are in a similar position to obtain information from the institution, now that Wilkerson no longer works there. Federal Rule of Civil Procedure 33(a) only requires Wilkerson to furnish what information is available to him. The Court finds Wilkerson's responses sufficient and non-evasive. For example. If Wilkerson has no recollection of an event, his failure to provided requested details, or to explain why certain policies were not followed, cannot be faulted.

With respect to defendant Windsor's discovery responses, the Court finds them generally adequate and non-evasive. However, Windsor's response to Interrogatory No. 8 is inadequate, in that she has not specifically admitted or denied that the tarot card policy

was her responsibility.  Insofar as Windsor objected to turning over information about other inmates and their religious beliefs and/or requests, this is an obviously appropriate assertion of privilege.  Plaintiff indicates that he is certain that other members of the Ordo Templi Orientis have made requests related to the practice of their faith– plaintiff is free to seek information from those inmates, if they want to divulge such information to plaintiff.

Plaintiff asserts that defendant Adams has not responded to any discovery requests. Plaintiff does not indicate when or how he transmitted his discovery requests to defendant Adams.  A review of the record reveals that Adams has not entered an appearance in this action, and that he is currently in default.  Therefore, the Court cannot compel Adams to respond to interrogatories that may never have been sent to him.

**IT IS HEREBY ORDERED** that the subject motion to compel **(Doc. 57)** is **GRANTED** as detailed above.

**IT IS FURTHER ORDERED** that on or before **November 16, 2007**, defendant Windsor shall supplement her response to Interrogatory No. 8.

**IT IS SO ORDERED.**

DATED:  October 24, 2007

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**