IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN MORO,** | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) | Civil No. **05-452-JPG-CJP** |
| **ANGELA WINSOR, et al.,** | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court are defendants Gregory Lambert, Roger Walker, Jr., Julie Wilkerson and Angela Winsor's motion for summary judgment and memorandum in support thereof. **(Docs. 47 and 48).** The defendants argue that plaintiff has failed to exhaust administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). Plaintiff John Moro has filed a response, arguing that his efforts to exhaust administrative remedies have been stymied, in that prison officials have failed to respond to his grievances. **(Docs. 52 and 53).** The defendants filed a reply, contending plaintiff's assertion about being impeded is disingenuous. **(Doc. 54).** This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## Plaintiff's Claims

Plaintiff John Moro is in the custody of the Illinois Department of Corrections, housed at all relevant times at Big Muddy River Correctional Center. Plaintiff initiated the above-captioned civil rights action on June 24, 2005. **(Doc. 1).** Plaintiff has since amended his

1

complaint, but only to correct the first name of defendant Warden Walker; the defendants and claims otherwise remain as they were in the original complaint. **(Docs. 8 and 14).** However, the Court observes that plaintiff included a variety of exhibits with the original complaint, which were not attached to the amended complaint. **(Doc. 1-2).** Because plaintiff is proceeding pro se, and because the amendment was so minor, this Court considers the aforementioned exhibits to still be a part of the record and relevant to the amended complaint. The exhibits are relevant to the exhaustion issue and may be considered in relation to the subject motion. ***See* Fed.R.Civ.P. 56(c).** Furthermore, defendants' brief in support of their motion makes reference to those same documents. **(Doc. 48, pp. 4-5).**

As summarized in the District Court's threshold order:

> Plaintiff states that he practices the Ordo Templi Orientis ("OTO") religion, also known as Gnostic Catholics or Thelemites. He states that Defendants have prevented him and other inmates from practicing the religion in the following ways. Religious books and mail from OTO chaplains are sent for publication review instead of to the acting chaplain, causing significant delays in receipt. Tarot cards which are "essential to our religious practice" are banned from the prison. Defendants have an unwritten policy to exclude inmates, including Plaintiff, who practice the religion from obtaining jobs paying over $14.60 per month. Defendants have implemented a policy of transferring to another facility inmates who practice the religion and threaten to use the courts to obtain constitutional relief; Plaintiff himself was transferred to Shawnee Correctional Center when he threatened to use the courts to guarantee his religious practices. Plaintiff and other inmates have been denied religious tapes and lectures, use of the chapel, and religious items including yi ching sticks, an altar, a shrine, magical implements, sicils, talismans, symbols, pouches, abramelin oil, and prayer beads. Plaintiff states that grievances concerning his right to practice his religion have gone unanswered. Plaintiff further states that Defendants have refused to deal with his religious requests, thereby violating the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA").

**(Doc. 12, pp. 2-3).**

## Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000).** In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396.**

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-26;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).** A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson,* **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* **475 U.S. 574, 586 (1986)**. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* **477 U.S. at 252;** *Insolia v. Phillip Morris Inc.,* **216 F.3d 596 (7th Cir. 2000).**

## Exhaustion of Administrative Remedies

The exhaustion of administrative remedies in accordance with 42 U.S.C. § 1997e(a), while not jurisdictional per se, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. ***Woodford v. Ngo,* 548 U.S. 81, ---- - ----, 126 S.Ct. 2378, 2382-2383(2006); *Booth v. Churner*, 532 U.S. 731, 739 (2001)*; *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002);*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999).**

"Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." ***Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000).** "Defendants may waive or forfeit reliance on [42 U.S.C.] § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." ***Perez,* 182 F.3d at 536.**

The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve exhaustion; substantial compliance is insufficient. ***Lewis v. Washington* 300 F.3d 829, 833-834 (7th Cir. 2002).** When prison officials fail to respond to an inmate grievance that remedy is considered exhausted because it has been rendered "unavailable." ***Id.*** Similarly, a remedy that prison officials impede a prisoner from using is "unavailable." ***Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Dole v. Chandler*, 438 F.3d 804, 811-812 (7th Cir. 2006).** However, "[a]n inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement." ***Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (internal citations omitted).**

The procedures that plaintiff should have followed in order to exhaust his administrative remedies are contained in Title 20 of the Illinois Administrative Code at sections 504.800

4

through 504.870. The code first provides for informal resolution of the problem through a Counselor. **Ill. Admin. Code Tit. 20, § 504.810(a) (2005).** If the problem is not resolved, the inmate then may file a written grievance within sixty days of the occurrence, which is dealt with by a Grievance Officer on a weekly basis. *Id.* **at § 504.810(b).** The Grievance Officer then either denies the grievance and returns the documents to the inmate or submits the grievance for investigation and reports findings to the Chief Administrative Officer. *Id.* **at § 504.830.** The Chief Administrative Officer is generally to provide a response within two months of receipt of the grievance. *Id.* **at 504.830(d).** If the issue is not resolved to the inmate's satisfaction, it may then be appealed to the Director within thirty days of receiving a response from the Chief Administrative Officer. *Id.* **at 504.850.**

Defendants concede that on May 15, 2007, plaintiff did exhaust administrative remedies relative to issues regarding religious publications, but that obviously occurred *after* this action was initiated. **(*See* Doc. 48-2, p. 3).** Defendants otherwise contend plaintiff has failed to exhaust administrative remedies relative to all claims. Defendants rely upon the affidavit of Jackie D. Miller, which indicates plaintiff has not properly presented the Administrative Review Board– the last step in the process– with a grievance regarding the issues in this case. **(Doc. 48-2, p. 3).**

A review of the record reveals that plaintiff initiated a grievance on October 12, 2004. **(Doc. 1-2, pp. 10-11).** That grievance pertained to all of the issues raised in the complaint and amended complaint. It is not disputed that plaintiff submitted that grievance to his counselor. **(*See* Doc. 1-2, p. 9; and Doc. 48, p. 4).** According to plaintiff, he never received a response from his counselor. In January 2005, plaintiff initiated a grievance regarding the counselor's

5

failure to respond to the October 12, 2004, grievance. **(Doc. 1-2, p. 12).** On February 5, 2005, plaintiff wrote a letter to Warden Walker indicating plaintiff's counselor and a grievance officer had stated that plaintiff's October 12, 2004, grievance will not be answered, and that his grievance about not getting a response to the grievance had also gone unanswered. **(Doc. 1-2, p. 7).** According to plaintiff's affidavit, he eventually sent his October 12, 2004, grievance directly to the Administrative Review Board. **(Doc. 53-2, p. 2).** The Administrative Review Board received plaintiff's October 12, 2004, grievance on May 4, 2005, and immediately returned it without any action because it had not been timely submitted in accordance with Department Rule 504. **(Doc. 1-2, p. 8; and Doc. 53-2, p. 2).**

Section 504.810 pertaining to the filing of grievances states in pertinent part:

a) An offender **shall** first attempt to resolve incidents, problems, or complaints other than complaints concerning disciplinary proceedings through his or her counselor. If an offender is unable to resolve the complaint informally or if the complaint concerns a disciplinary proceeding, the individual **may** file a written grievance on a grievance form that shall be made available in all living units. A grievance **shall** be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. However, if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered. The grievance procedure shall not be utilized for complaints regarding decisions that are outside the authority of the Department, such as parole decisions, clemency, or orders regarding length of sentence or decisions that have been rendered by the Director.

**Ill. Admin. Code Tit. 20, § 504.810(a) (emphasis added).** According to the affidavit of Jackie D. Miller, Chairperson of the Administrative Review Board, Department Rule 504F:

Generally, an inmate **must** first attempt to resolve grievances through his counselor. If the grieved issue remains unresolved after such informal efforts or, for example, [the issue] involves a disciplinary proceeding, the inmate **may** submit a written grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO").

6

**(Doc. 48-2, p. 1 (emphasis added)).** One of the grievance forms plaintiff utilized instructs inmates to send the grievance, **first**, to a counselor, and then to a Grievance Officer, "**only** if the issue involves discipline at the present facility or **issue not resolved by counselor**" [sic]. **(Doc. 1-2, p. 10 (emphasis added).** The other grievance form used by plaintiff instructs inmates: "Committed person completes and **sends to counselor who completes counselor response and returns to committed person**. Committed person **then** decides whether or not to forward to Grievance Officer." **(Doc. 1-2, p. 12 (emphasis added)).**

Based on the evidence before the Court, plaintiff's argument that he is being stymied is well taken. Although the presentment to a counselor is characterized in the Illinois Administrative Code as an "informal" procedure, the companion Department Rule and forms (which are not entirely consistent) appear to make presentment to the counselor and receipt of a response from a counselor a prerequisite to submitting the grievance to a Grievance Officer. After waiting over six months, and trying to grieve the delay, plaintiff sent his grievance to the Administrative Review Board, which considered it untimely.

Plaintiff appears to have been in, as he put it, a "Catch-22" situation. An inmate must exhaust only those administrative remedies that are available to him. ***See* 42 U.S.C. § 1997e(a);** ***Lewis v. Washington,* 300 F.3d 829, 835 (7th Cir.2002);** ***Johnson v. Litscher,* 260 F.3d 826, 829 (7th Cir.2001).** The Seventh Circuit holds that "administrative remedies [are] exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable.' " ***Brengettcy v. Horton,* 423 F.3d 674, 682 (7th Cir.2005) (citing *Lewis v. Washington,* 300 F.3d 829, 835 (7th Cir.2002) ("we refuse to interpret the PLRA so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through**

**indefinite delay in responding to grievances.")).** Here, plaintiff alleges that he did not receive a response to either of the grievances he filed, which stayed his ability to pursue his grievance through the formal process. Therefore, it appears the formal administrative remedies were unavailable. At a minimum, a question of material fact exists regarding whether plaintiff exhausted his administrative remedies, and summary judgment is, therefore, not appropriate.

### Recommendation

For the aforestated reasons, it is this Court's recommendation that defendants Gregory Lambert, Roger Walker, Jr., Julie Wilkerson and Angela Winsor's motion for summary judgment **(Doc. 47)** be denied.

**DATED: February 14, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 3, 2008**. No extensions of time will be granted.