IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN MORO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-452-JPG** |
| | ) | |
| **ANGELA WINSOR, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Reginald D. Adams' motion to set aside the default entered against him in the above-captioned case. **(Docs. 89 and 90).** Adams, who is no longer an employee of the Illinois Department of Corrections, explains that, consistent with 5 ILCS 350/2(a), he assumed that the Office of the Illinois Attorney General automatically represented all prison officials in a civil rights actions such as this. Therefore, he did not formally alert the Office of the Illinois Attorney General of the complaint and request representation. Only recently did Adams learn of his default and take steps to remedy the situation.

Federal Rule of Civil Procedure permits an entry of default to be set aside for good cause. Furthermore, the Court has the power to act in the interest of justice. ***Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec***, 2008 WL 2246431, * 8 (7th Cir. June 3, 2008). In this situation, it appears to be in the best interest of both plaintiff and defendant for the entry of default to be set aside. Adams' ignorance and misinterpretation of the Illinois scheme for representation constitutes good cause for his failure to timely enter his appearance and respond to the complaint. Also, justice is always better served to have a case decided on the merits,

rather than a procedural blunder. Moreover, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g), provides that no relief shall be granted unless a reply to the complaint has been filed. By setting aside the default, Adams may file his responsive pleading, the case may proceed on its merits and all remedies remain open to plaintiff.

**IT IS THEREFORE ORDERED** that defendant Reginald D. Adams' motion to set aside the default entered against him **(Doc. 89 )** is **GRANTED**. Accordingly, plaintiff's motion for default judgment **(Doc. 67)** is **MOOT**.

**IT IS SO ORDERED.**

**DATED: June 17, 2008**               **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U. S. MAGISTRATE JUDGE**