UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN MORO,

  Plaintiff,

v.

ANGELA WINSOR, *et al.*,

  Defendant.

Case No. 05-cv-452-JPG

**MEMORANDUM AND ORDER**

  This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 110) of Magistrate Judge Clifford J. Proud recommending that the Court grant in part and deny in part the motion for summary judgment filed by defendants Gregory Lambert, Roger Walker, Jr., Julie Wilkerson and Angela Winsor (Doc. 76). Plaintiff John Moro has objected to the Report (Doc. 112).

**I. Report Review Standard**

  After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II. The Report**

  The Report notes that the Court has previously identified a § 1983 claim for violation of Moro's First Amendment rights and a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). The Report also identifies a § 1983 claim for violation of Moro's Fourteenth Amendment equal protection rights.

With respect to Moro's First Amendment claims, the Report finds as follows:

- <u>Delays in receiving religious books and tapes</u> – Whether the delays resulting from review by the prison's Publication Review Committee place a substantial burden on Moro's exercise of his religion and whether such delays are justified cannot be determined conclusively from the evidence in the record.

- <u>Denial of the opportunity to gather in the chapel or on religious feast days</u> – Issues of fact remain about whether reasonable opportunities were afforded to Moro for him to gather in furtherance of his religious beliefs.

- <u>Prohibition of certain religious items</u> – Issues of fact remain about whether the restrictions were sufficiently justified by institutional order and security.

With respect to Moro's RLUIPA claims, the Report finds that there is insufficient evidence to show that the burdens placed on Moro's exercise of his religion were justified by a compelling interest and were the least restrictive means of furthering that interest.

The Report further finds that the defendants are not entitled to qualified immunity because the law regarding religious freedom was well established at the time of the events in this case. They are, however, entitled to immunity under the Eleventh Amendment from Moro's § 1983 claim to the extent they are sued in their official capacities, although they are not immune from his RLUIPA claims. The Report further finds Moro's claims for injunctive relief are moot since he has been moved from Big Muddy Correctional Center, where the events of which he complains occurred.

Notwithstanding the foregoing, the Report disposes of some claims. It finds there is no genuine issue of fact that Walker and Lambert were not personally involved in the alleged deprivation of Moro's constitutional rights and are therefore entitled to judgment as a matter of law. Similarly, there is no dispute that Wilkerson and Winsor were not involved in decisions regarding Moro's job assignments or his transfer to another institution and are entitled to judgment as a matter of law on claims based on those alleged deprivations.

### III. Moro's Objection

Moro objects to the Report's finding that his claims for injunctive relief under RLUIPA are moot. He argues that his case is unlike *Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008), in which the Court of Appeals found claims for injunctive relief moot because the plaintiff had been released from prison. Moro argues that since he is still in prison in an Illinois Department of Corrections facility under the authority of defendant Walker his claims for injunctive relief are not moot.

The Court has reviewed the Amended Complaint and has found that the conduct about which Moro complains solely relates to the practices at Big Muddy Correctional Center, where he is no longer housed. Thus, the specific conduct about which he complains in this case will not occur again. However, there is evidence that the conduct has been and is likely to be repeated at other IDOC institutions housing Moro and may not be subject to review in light of the lengthy grievance exhaustion process and the possibility of other institutional transfers. Thus, his claim for injunctive relief is not moot under the "capable-of-repetition doctrine," *see Protestant Mem. Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006), and should be allowed to continue against Walker in his official capacity. The Court will reject the Report to the extent it recommends otherwise.

The Court has reviewed the remaining portions of the Report for clear error and finds none. It will therefore adopt the remaining portions of the Report.

### IV. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS in part** and **REJECTS in part** the Report (Doc. 110);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 76);

- **GRANTS** summary judgment in favor of defendants Walker and Lambert on Moro's § 1983 claims and **DISMISSES** those claims **with prejudice**;

- **GRANTS** summary judgment in favor of defendants Wilkerson and Winsor on Moro's § 1983 claims based on the denial of high-paying jobs and retaliatory transfer and **DISMISSES** those claims **with prejudice**;

- **GRANTS** summary judgment in favor of defendants Wilkerson and Winsor in their official capacities on Moro's § 1983 claims for money damages and for injunctive relief and **DISMISSES** those claims **without prejudice**;

- **GRANTS** summary judgment in favor of defendants Lambert, Wilkerson and Winsor on Moro's RLUIPA claims for injunctive relief (his claims for nominal damages remain) and **DISMISSES** those claims **without prejudice as moot**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: September 22, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**