IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN MORO,** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. **05-452-JPG** |
| **ANGELA WINSOR, et al.,** | ) |
| Defendant. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's "Motion to Correct Incorret [sic] Information Given to Plaintiff? [sic] to Inform Jury or Appoint Counsel." **(Doc. 134).** Having been notified by the Court that the presence at trial of certain of his inmate witnesses cannot be secured by the Court because those inmates have been paroled, plaintiff now questions whether the defense counsel is misleading him. According to plaintiff, he cannot make his case without the testimony of either Danial Bullock or Marcus Grove. Plaintiff requests either a continuance of the February 24, 2009, trial setting, appointment of counsel in order to secure the appearance of his key witnesses, or that the Court read Danial Bullock's "Motion to Join" **(Doc. 27)** to the jury.

Plaintiff's motion is premised upon a misconception that the defendants or defense counsel is responsible for securing the attendance of plaintiff's inmate witnesses at trial. The Court is responsible for issuing writs to secure the appearance of the inmate witnesses, and it was the Court that informed plaintiff that certain inmate witnesses had been paroled. **(Doc. 133).** For security reasons, the Court will not forward copies of the documentation reflecting the release of Danial Bullock from prison; however, the Court will have that documentation

available for review on February 24, 2009. Plaintiff was previously informed of the fees associated with securing the attendance of witnesses who are not incarcerated **(Doc. 129)**, but he has never taken the Court up on its offer to assist in that process. Therefore, it is relatively certain that Danial Bullock will not appear at trial.

Plaintiff has not elaborated on why Bullock or Grove are essential to his case. The final pretrial order states only that Bullock would testify that "he contacted Defendants to request access to religious materials;" and "[t]hat he was not allowed any access to material to practice his religion." **(Doc. 124, p. 4).** Bullock's "Motion to Join" only states that "he has the same complaints as the original plaintiff"– meaning plaintiff Moro. **(Doc. 27).** Because Bullock is not a plaintiff and this is not a class action, liability hinges on what the defendants did vis-a-vis plaintiff, not what they did to Bullock. Therefore, Bullock's testimony and his "Motion to Join" are not crucial to plaintiff's case, and are not grounds for postponing trial. Furthermore, Bullock's "Motion to Join" does not contain any relevant information, but is a mere assertion, without <u>any</u> factual detail, and it is unsworn. Therefore, Bullock's "Motion to Join" will not be read to the jury.

Plaintiff indicated that he needed either Bullock of Marcus Grove to make his case. There is no Marcus Grove in the Illinois Department of Corrections, but the Court perceives that plaintiff desires the testimony of Marcus Grove<u>s</u>. The Court issued a writ to secure Groves' attendance at trial, only to recently learn that Groves was paroled the day after the final pretrial conference. Groves' attendance can be secured via subpoena, but the burden again falls on plaintiff. Insofar as plaintiff argues that Groves' testimony is essential, the final pretrial order indicates that Groves is expected to testify that he tried for years to change his religious

designation to OTO, and he was forced to worship outdoors in sub-zero temperatures. **(Doc. 124, p. 4).** Again, because this action concerns only how plaintiff's religious practice was impeded, Groves' testimony does not appear crucial.

Neither Bullock nor Groves is crucial to plaintiff's case, and the admissibility of their testimony pursuant to Federal Rule of Evidence 404(b) is entirely speculative (as plaintiff has not linked Bullock and Groves to the specific defendants in this action). Therefore, plaintiff's stated rationale for needing appointed counsel has essentially evaporated. Nothing has altered this Court's most recent assessment regarding the appointment of counsel. **(*See* Doc. 127).**

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 134)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: February 19, 2009**           <u>s/ Clifford J. Proud</u>
                                                                                **CLIFFORD J. PROUD**
                                                                                **U. S. MAGISTRATE JUDGE**